WESTON v. DUNN.

1. APPEAL AND ERROR — SPECIFIC ASSIGNMENT — SAVING QUES-
TIONS FOR REVIEW—DIRECTING VERDICT.

In assigning error by setting out the charge of the court which
contained conclusions of fact as well as of law and directed a
verdict for plaintiff, the defendant's objection that the court
erred in so instructing the jury, was not sufficiently specific.

2. BOUNDARIES—NAVIGABLE WATERS—GREAT LAKES—ACCRETIONS
TO REAL PROPERTY.

Where several lots described by number in the government
survey lay contiguous to a channel of one of the Great Lakes,
and fronted upon the water, which by receding left accre-
tions not divided by the survey among the several lots, and
by the recession of the water plaintiff's lot became separated
from the water line so that the meridian line constituting the
section line east of his lot passed between the plaintiff's prem-
ises and the shore, leaving the new land adjacent to a lot on
another section and range, it could not be held, as a matter
of law, that plaintiff acquired no rights by accretion beyond
the meridian line, in the adjoining section and range.

3. SAME—TRESPASS.

Having possession of the disputed land, the plaintiff was en-
titled to maintain trespass against defendant who tore down
a fence, and entered the close without being able to show
title to the premises.

Error to Mackinac; Shepherd, J. Submitted Novem-
ber 13, 1911. (Docket No. 94.) Decided March 12, 1912.

Trespass *quare clausum fregit* in justice's court by
Charles Weston against David C. Dunn and others. The
justice certified the case to the circuit court on the ground
that the title to land was involved. Judgment for plain-
tiff on a verdict directed by the court. Defendants bring
error. Affirmed.

*Henry Hoffman*, for appellants.
*James J. Brown*, for appellee.

Ostrander, J. The action was begun in justice's court, where plaintiff declared, describing, or attempting to describe, the land trespassed upon by defendants. Defendants pleaded the general issue and gave notice that on the trial they would show that the close in plaintiff's declaration mentioned and in which the injuries complained of were supposed to have been committed is, and at the time of the alleged trespass was, the close and freehold of defendants' licensor, and that what was done upon the land was by permission of the owner. Thereupon the cause was certified to the circuit court for trial. Coming on to be tried, plaintiff offered testimony tending to prove his title to lot 2 in section 36, town 42 north, of range 1 west, in Mackinac county, being a part of the south half of the northeast quarter of said section, and his possession of the land since the year 1884. The government plat and original field notes, which were produced, and are here reproduced, show a meandered water front on the easterly boundary of said lot, and that no part of said lot was bounded by the meridian line:

The person, in whose right defendants entered, owned, it was conceded, lot 5, in section 31, in the township next east of the land in dispute; said lot being bounded on the west by the meridian line. The parcel of land in dispute has been formed by accretion or by receding waters and lies east of the meridian line and north of the quarter line in section 36, directly north of lot 5 if lot 5 is extended north to the said quarter line. Lot 3, as originally sur-

veyed, does not now touch the water and belongs to neither plaintiff nor defendants' licensor. There is now a road on the meridian line. Plaintiff's testimony tended to prove, also, that he built a fence near the quarter line east of the meridian line, a distance of some 30 rods, to the water, cutting off access to his land by cattle from said lot 5. Later he built a fence on the east side of the meridian line road, on the west line of the land in dispute, and it is this fence which defendants tore down sufficiently to drive upon the land in dispute. This is the trespass complained about. Another drawing, known as "Exhibit 2," was introduced, and is here reproduced:

On it the triangular piece of land in dispute is marked "1." The water line formerly, indicated by "7," is now shown by the line "6." As stated to the trial court, plaintiff's position is:

"That when plaintiff homesteaded said lot 2 in 1884, and also when he received his patent therefor in 1891, the disputed triangular piece of land was covered with water; that it has since become derelict land by the gradual and imperceptible recession of the water from lots 2 and 3 and 5; that no portion of the land, where the trespass is claimed to have been committed, belongs to lot 5, but to lot 2, section 36, town 42 north, of range 2 west, Mich.; that the principles which govern riparian rights give plaintiff title to the derelict land in dispute, notwithstanding it lies east of the section line running north and south between section 31, town 42 north, of range 1 east, and section 36, town

42 north, of range 1 west; that, at all events, if plaintiff has no title, defendants have none, and plaintiff, being in peaceable possession at the time of the alleged trespass, can recover."

Counsel for defendants made to the trial court the following statement:

"We admit that plaintiff owns the premises claimed by him in section 36, town 42 north, of range 1 west, Mich., and that in his patent the premises are described as claimed by Mr. Brown, and we also admit that plaintiff was in possession of this triangular piece, marked '1' on Exhibit 2, at the time of the alleged trespass; but our claim is that this triangular piece, marked lot '1' on Exhibit 2, belongs to and is a part of lot 5, section 31, town 42 north, of range 1 east, Mich., and is owned by Lydia J. Dunn, wife of defendant David C. Dunn, and that defendants had a right to enter upon said premises, or said triangular piece of land, as agents of said Lydia J. Dunn. And we also claim that if this triangular piece, marked on Exhibit 2 as 'lot 1,' is not a part of lot 5, section 31, town 42 north, of range 1 east, Mich., then the plaintiff is not entitled to recover in this action. My contention is that the legal subdivision of lot 2, section 36, town 42 north, of range 1 west, Mich., cannot extend east and past the principal meridian, and that the triangular piece marked '1' on Exhibit 2, being attached to lot 5 of section 31, is a part of lot 5. It is admitted by the parties hereto that at the time of the homesteading by plaintiff of the land in question, the water line was at line 7 on Exhibit 2, and east of that line was water and west of it was land, and that now the water line is at line marked figure 6, and west of that line is land and east of it is water. It is also admitted that this triangular piece of land, by accretion, must either belong to lots 2 and 3, section 36, town 42 north, of range 1 west, or lot 5, section 31, town 42 north, of range 1 east, Mich."

The character of the channel, the distance to the nearest island, is not made to appear. Again, counsel for defendants said, referring, apparently, to the description of lot 5, in his paper title (which does not appear in the record):

"It does not say lot 5 in the northeast one-quarter of the southwest one-quarter. It says lot 5 in section 31. It

is not confined by any boundaries at all. Lot 2 of section 36 cannot go outside of the section."

The court overruled defendants' contention, instructed the jury that plaintiff was in possession of the premises, and further said:

"The court is somewhat uncertain as to whether the plaintiff owned all of them. He did, in my opinion, own the greater part, if not all, of the triangular piece of land. At any rate, they were not owned by the defendants or any one whom the defendants represented; and therefore they were guilty of trespass in going upon the land."

A verdict was directed for plaintiff for nominal damages. We find in the record no evidence that any question was debated or any point raised by defendants, except the one hereinbefore indicated. It does not appear that defendants preferred any requests to charge. No exceptions were taken to rulings.

In assigning error defendants set out the charge of the court at length with the statement that the court erred in so charging the jury. As the charge or statement made by the court to the jury contains conclusions of fact as well as of law, the assignment is not specific. In the brief in this court the charge is said to be erroneous because:

(1) The declaration does not describe any particular piece of land.

(2) The only trespass declared for is cutting and carrying away growing grass, and the only trespass proved is tearing down a fence, etc.

(3) "The water shown on Exhibits 1 and 2 is a part of Lake Huron, being one of the channels in the Les Cheneaux Islands, Mackinac county, Mich. The trespass, as shown by the testimony of plaintiff, is the tearing down of a fence near the quarter line in section 31, and on the east side of the meridian road near the quarter line, but how far from the quarter line, and how far from the meridian, the evidence fails to state. The record is entirely bare of any testimony tending to show whether the waters shown on Exhibit 1 are navigable or not, and whether there is any *filum aquœ*, or middle thread, in the channel shown on Exhibit 1, and if any such middle thread, where

the same is, in order that some rule of proportion might be adopted which would give each landowner along the shore his proportionate share of the shore or accretion formed adjacent to the shore in sections 31 and 36. In this respect, testimony fails to show that the point where the trespass was committed would fall outside of the boundaries of lot 5, section 31, town 42 north, of range 1 east, Mich., when lot 5 has been given its just proportion of its share of the accretion in sections 31 and 36, as shown by Exhibits 1 and 2, and the court erred in directing a verdict in favor of the plaintiff, and a verdict on the court's own motion should have been directed for the defendants."

Considering the assignment as amounting, in effect, to an averment that it was error for the court to direct a verdict for plaintiff, and that a verdict should have been directed for defendants for the reason that plaintiff could claim no accretions to his land beyond the meridian line, and that as matter of law the accretion in question is a part of lot 5, we think it without merit.

The admission that plaintiff was in possession of the invaded close disposes of the contention, unless the land in question is a part of lot 5. The only authority referred to by counsel for defendants, which is *Grand Rapids Ice & Coal Co.* v. *Coal Co.*, 102 Mich. 227 (60 N. W. 681, 25 L. R. A. 815, 47 Am. St. Rep. 516), does not determine the point, having, apparently, no application to the case of lands bordering waters of the Great Lakes. If the rule stated and applied in *Blodgett & Davis Lumber Co.* v. *Peters*, 87 Mich. 498 (49 N. W. 917, 24 Am. St. Rep. 175), is followed, it would seem that the owner of lot 3 should not be excluded from access to the water, and, if not excluded, it is plain that the owner of lot 5 has no title to the land in question. We are not advised by counsel concerning the proper rule to be applied.

The judgment is affirmed.

MCALVAY, BROOKE, and STONE, JJ., concurred. BLAIR, J., concurred in the result.